UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHANIKA R. HOBBS,

            Plaintiff,

v.

COMPASS GROUP,

            Defendant.

Case No. 24-CV-503-JPS

**ORDER**

1. **INTRODUCTION**

Plaintiff Shanika R. Hobbs ("Plaintiff") sues Defendant Compass Group ("Defendant"), ostensibly for employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended. ECF Nos. 1, 1-1. She also moves for leave to proceed in forma pauperis, ECF No. 2, and for the Court to seal her case and omit her personal information from the docket, ECF Nos. 4, 5. This Order screens Plaintiff's complaint and addresses her motions for leave to proceed in forma pauperis and to seal.

For the reasons discussed herein, the Court will grant Plaintiff's motion for leave to proceed in forma pauperis but will deny her motions to seal. The Court also concludes that Plaintiff may proceed on claims of race-based discrimination and retaliation under Title VII, a claim that she was retaliated against in violation of Title VII for complaining about pregnancy-

based discrimination in the workplace, and a state law claim of wrongful discharge.[1]

## 2. MOTION TO PROCEED IN FORMA PAUPERIS

A party proceeding pro se may submit a request to proceed without prepaying the filing fees, otherwise known as a motion to proceed in forma pauperis. "The federal in forma pauperis statute, 28 U.S.C. § 1915,[2] is designed to ensure [that] indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and*

---

[1] On May 20, 2024, roughly four weeks after filing the instant case, Plaintiff filed two additional cases relating to her allegations of employment discrimination. *See Shanika R. Hobbs v. Ascension Living Franciscan Place,* 24-cv-616 (E.D. Wis. May 20, 2024) and *Shanika R. Hobbs v. Compass Group,* 24-cv-615 (E.D. Wis. May 20, 2024). The complaints and allegations appear to be largely identical to those brought herein, except that one of the cases lists Ascension Living Franciscan Place as Defendant instead of Compass Group. It is not at all clear why Plaintiff filed these additional cases. In any event, she cannot maintain three separate cases revolving around the same allegations, claims, and parties. The Court intends, by separate order in those cases, to dismiss them as essentially duplicative of the instant case. Should Plaintiff wish to amend her complaint in this matter to add any allegations from the complaints in those cases that are relevant here, she may move the Court for leave to do so.

[2] Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997) (superseded by rule on other, inapplicable grounds); *see also Mitchell v. Farcass,* 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring)).

*recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court engages in this part of the inquiry *infra* Section 3.

It follows that a litigant whose complaint does not clear the § 1915(e)(2) threshold or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972), a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

Because the Court concludes *infra* Section 3 that Plaintiff pleads claims within the Court's subject matter jurisdiction, the Court proceeds to address the merits of her motion for leave to proceed in forma pauperis. Plaintiff avers that she is unemployed and unmarried and that she supports

two minor daughters. ECF No. 2 at 1. Her sole form of income is from Wisconsin Works public assistance. *Id.* at 2. She does not own her home and has no significant savings or property of value. *Id.* at 3–4. The Court is therefore satisfied that Plaintiff is indigent, and it will accordingly grant her motion for leave to proceed in forma pauperis.

### 3. SCREENING THE COMPLAINT

#### 3.1 Legal Standard

As noted above, when a pro se litigant seeks to proceed in forma pauperis, the Court must screen the litigant's complaint prior to service on the defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2); or the case is outside of the Court's subject matter jurisdiction, Fed. R. Civ. P. 12(h).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke*, 490 U.S. at 325); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47

Page 4 of 16
Case 2:24-cv-00503-JPS    Filed 06/03/24    Page 4 of 16    Document 8

(1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### 3.2 Plaintiff's Factual Allegations

The Court discerns the following from Plaintiff's complaint and attachments thereto. Around February 2022, Defendant hired Plaintiff as a

housekeeper for a senior living facility—Ascension Living Franciscan Place.³ ECF No. 1-1 at 2–3.⁴

At some point, during a period that Plaintiff describes as "July 2022–January 2023," a patient sexually propositioned Plaintiff on the job. *Id*. at 3. Plaintiff reported this to another employee, who told her the patient "does that all the time." *Id.*

Plaintiff alleges that she "was recommended for a Lead position," but that the Lead position "was given to a white employee after" Plaintiff reported concerns to the Department of Health Services Division of Quality Assurance, Bureau of Nursing Home Resident Care (for example, about finding pills while cleaning, general facility uncleanliness, staffing issues, a "pale patient" who asked Plaintiff to get the nurses "due to an emergency" but whom was made to wait, and about witnessing a "patient that fell and busted their head," *id.* at 3–4) and after she "complained to Human Resources about facility issues, being sexually propositioned by a resident[,] and the mistreatment of a pregnant" C.N.A. who was told by the Ascension Director of Nursing that she "could not return due [to] being pregnant." *Id.* at 2, 3. In addition to being denied the Lead position, Plaintiff was also denied "the floor tech position." *Id.* at 3. Plaintiff also pleads that every other employee, except her, received a $0.45 raise, and that she also did not "receive [her] updated shirt," while the white employee who got the Lead position did. *Id.*

---

³*Ascension Living, Franciscan Place: Senior Living in Brookfield, WI*, [https://perma.cc/27E7-CR3R] (last visited June 3, 2024).

⁴Plaintiff avers that Defendant contracts with Ascension Living Franciscan Place, ECF No. 1-1 at 3, and it is not entirely clear which entity is Plaintiff's employer for purposes of this action.

Plaintiff also alleges that the housekeeping manager, Duane ("Duane"), ordered crocs footwear for her even after she told him she could not wear them due to an ingrown toenail and arch support issues, and that he changed Plaintiff's "position title, days, hours, and shifts after [she] reported him." *Id.* Plaintiff alleges that Duane said, "I be wanting to smack the sh*t out of people" and "I'm going to start hiring white people." *Id.*

In August 2022, Plaintiff informed Defendant's management that she was filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") because she believed that she had been discriminated against and harassed on the basis of her race. *Id.*[5] This did not prompt Defendant to take any "corrective action." *Id.* To the contrary, Defendant responded by giving Plaintiff "a heavier workload"—"30 plus rooms to clean"—and by requiring her "to work every other weekend" instead of the usual one weekend per month. *Id.* Plaintiff also alleges that in response to filing the charge of discrimination with the EEOC, Shannon—whose position is unclear—brought lunch for all the other housekeepers except for Plaintiff. *Id.* at 3. Plaintiff believes this constituted retaliation in violation of her federal rights. *Id.* at 2–3.

Plaintiff also pleads that when she asked Defendant and its management for information on who to contact within the company to report the harassment, she was given the run around and the people she was told to contact either did not work for Defendant anymore or "did not know who" she was supposed to contact. *Id.* at 3, 4; ECF No. 1 at 4 (requesting as relief for Defendant to, inter alia, "update work harassment

---

[5] The EEOC issued Plaintiff a right to sue letter on February 2, 2024, which letter Plaintiff attaches to her complaint. ECF No. 1-1 at 1.

forms w/ correct contact information"). She also alleges that she "reported the harassment to [Defendant's] new housekeeping manager," "Aletha," but that when Plaintiff asked Aletha if she contacted Human Resources about it, Aletha responded: "I'm here for a paycheck[.] If H.R. is not responding why are you here" before waving Plaintiff away and saying, "I'm done with you." ECF No. 1-1 at 4.

In January 2023, Plaintiff resigned because Defendant's "staff did not want [her] there," "the harassment was severe," and "individuals that were aware of the harassment were passive about it or ignored it." *Id.* She describes her resignation as having been "forc[ed] to quit [the] position." *Id.*; ECF No. 1 at 4. She also alleges that she was placed on Defendant's "do not hire list." ECF No. 1 at 4.

As relief, Plaintiff seeks Defendant to remove her from the "do not hire list;" to stop "retaliating/harassing individuals that engage in protected activity;" to "update work harassment forms w/ correct information;" and to compensate her for humiliation, pain and suffering, for her "forc[ed]" resignation, and for her subsequent difficulty in finding employment and inability to file for unemployment. *Id.*

### 3.3 Analysis

#### 3.3.1 Title VII Discrimination and Retaliation

The screening standard in employment discrimination cases, and in civil cases generally, is lenient for pro se plaintiffs: "a plaintiff need only allege enough facts to allow for a plausible inference that the adverse action suffered was connected to her protected characteristics." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) (citing *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021) and *Tamayo*, 526 F.3d at 1084). "Normally,

discrimination and retaliation claims are analyzed separately." *Gaines v. K-Five Constr. Corp.*, 742 F.3d 256, 261 (7th Cir. 2014).

Here, accepting Plaintiff's allegations as true, the Court concludes that Plaintiff has adequately alleged both that she was discriminated against on the basis of her race and that she was retaliated against for reporting the same. With respect to the former, she plausibly alleges that she was treated adversely compared to a white co-worker, that she was denied a raise that the other employees received, that she did not receive an "updated shirt" while her white co-worker did, and that her manager said he was "going to start hiring white people"—all of which, she alleges, led to her "forc[ed]" resignation. ECF No. 1-1 at 3, ECF No. 1 at 4.

For a Title VII race discrimination claim premised on a hostile work environment, Plaintiff must allege harassment of sufficient severity and pervasiveness. *See Eason v. Potter*, No. 03-CV-812, 2006 U.S. Dist. LEXIS 66846, at *13 (E.D. Wis. Sept. 5, 2006) ("Under Title VII, in order for a claimant to establish a prima facie case alleging a hostile work environment, [s]he must demonstrate that [s]he was harassed because of [her] race by a co-worker or a supervisor . . . . Furthermore, the alleged harassment must be so severe and pervasive as to alter the conditions of employment and create an abusive working environment." (citing *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 462 (7th Cir. 2002) and *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998))). It is not yet clear whether Plaintiff's allegations rise to such a level; the Court defers that question for another day. For the time being, the Court is satisfied that Plaintiff may proceed on a claim of race discrimination in employment under Title VII as premised on a hostile work environment. *See Freeman v. Metro. Water Reclamation Dist. of Greater Chi.*, No. 18-3737, 2019 U.S. App. LEXIS 16538, at *5 (7th Cir. June 3, 2019)

("A plaintiff alleging race discrimination need not allege each evidentiary element of a legal theory to survive a motion to dismiss." (citing *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510–14 (2002); *Tamayo*, 526 F.3d at 1084; and *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998))).

Plaintiff may also proceed on a "Title VII disparate treatment claim" because she has alleged that Defendant took "job-related action against h[er] which was motivated by intentional discrimination." *Alamo v. Bliss*, 864 F.3d 541, 552 (7th Cir. 2017) (citing *Ernst v. City of Chicago*, 837 F.3d 788, 794 (7th Cir. 2016)). Such a claim requires "a materially adverse change in the terms and conditions of employment [that is] more disruptive than a mere inconvenience or an alteration of job responsibilities." *Id.* (quoting *Stockett v. Muncie Ind. Transit Sys.*, 221 F.3d 997, 1001 (7th Cir. 2000)). A materially adverse change for purposes of such a claim may include "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *De la Rama v. Ill. Dep't of Hum. Servs.*, 541 F.3d 681, 685–86 (7th Cir. 2008) (quoting *Oest v. Ill. Dep't of Corr.*, 240 F.3d 605, 612–13 (7th Cir. 2001)); *see also Rhodes v. Ill. DOT,* 359 F.3d 498, 504 (7th Cir. 2004) (noting that denial of a promotion may also constitute a materially adverse employment action for Title VII purposes (citing *Bell v. EPA*, 232 F.3d 546, 555 (7th Cir. 2000))). The Court is satisfied for purposes of the screening stage that Plaintiff may proceed on such a claim.

With respect to retaliation, a Title VII plaintiff "must plead that she engaged in a statutorily protected activity and was subjected to materially adverse actions as a result of that activity." *Hatcher v. Bd. of Trs. of S. Ill. Univ.*, 829 F.3d 531, 536 (7th Cir. 2016) (citing *Burlington N. and Santa Fe Ry.*

Page 10 of 16
Case 2:24-cv-00503-JPS    Filed 06/03/24    Page 10 of 16    Document 8

*v. White*, 548 U.S. 53, 57 (2006)). Reporting unlawful race discrimination is a statutorily protected activity. *Fillmore v. Ind. Bell Tel. Co.*, 729 F. App'x 471, 473 (7th Cir. 2018) (citing *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663–64 (7th Cir. 2006)). Plaintiff may proceed on a claim of retaliation under Title VII; she alleges that after she filed a charge of discrimination with the EEOC and informed Defendant of the same, she was subjected to a heavier work load, made to work more weekends per month, excluded from lunch, and given the run around regarding whom to contact within the company to report the harassment and retaliation—all of which, again, contributed to her "forc[ed]" resignation. ECF No. 1-1 at 3; ECF No. 1 at 4.

In addition to her race-based discrimination and retaliation claims, Plaintiff may also proceed on a claim that Defendant retaliated against her in violation of Title VII for complaining about perceived pregnancy-based discrimination. *See generally Berg v. La Crosse Cooler Co.,* 612 F.2d 1041 (7th Cir. 1980). Pregnancy-based discrimination in employment is actionable under Title VII and, as noted above, opposing or complaining about perceived discrimination believed to be in violation of Title VII is a statutorily protected activity. *Miller v. Am. Fam. Mut. Ins. Co.*, 203 F.3d 997, 1004 (7th Cir. 2000) (citing *Kennedy v. Schoenberg, Fisher, & Newman, Ltd.*, 140 F.3d 716, 722 (7th Cir. 1998)); *id.* at 1007 ("Title VII protects persons . . . from retaliation for complaining about the types of discrimination it prohibits." (citing *Dey v. Colt Constr. & Dev. Co.*, 28 F.3d 1446, 1457 (7th Cir. 1994))). That is so even if the underlying perceived discrimination is ultimately not actionable as a matter of law. *Rinella v. City of Chicago*, No. 16-CV-04088, 2016 U.S. Dist. LEXIS 173198, at *15 (N.D. Ill. Dec. 14, 2016) ("[A] complainant c[an] proceed on a Title VII retaliation claim, even if her Title

VII claim based on the discrimination about which she complained failed as a matter of law." (citing *Berg*, 612 F.2d at 1043)).

Plaintiff pleads that she complained to Defendant about "the mistreatment of a pregnant female"—specifically, about the "Ascension Director of Nursing saying that a C.N.A. could not return due [to] the C.N.A. being pregnant"—and that she was retaliated against as a result. ECF No. 1-1 at 2–3. The Court is therefore satisfied for purposes of the screening stage that Plaintiff may proceed on a claim that she was retaliated against in violation of Title VII for opposing/complaining about pregnancy-based discrimination in the workplace.[6]

### 3.3.2 Wrongful Discharge

The Court also perceives in Plaintiff's complaint, consistent with its duty to "liberally construe[]" pro se complaints, *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citing *Wilson v. Civ. Town of Clayton*, 839 F.2d 375, 378 (7th Cir. 1988)), a potential state law claim for wrongful discharge.

Typically, a wrongful discharge claim under Wisconsin law requires the plaintiff to allege that she was discharged due to her refusal to "violate a constitutional or statutory provision." *Bushko v. Miller Brewing Co.*, 396 N.W.2d 167, 170 (Wis. 1986) (citing *Brockmeyer v. Dun & Bradstreet*, 335

---

[6]"[A] Title VII plaintiff may only bring those claims that were included in her EEOC charge, or that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Haugerud v. Amery Sch. Dist.*, 259 F.3d 678, 689 (7th Cir. 2001) (quoting *McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996)). Whether any of the Title VII claims that Court has herein perceived are subject to dismissal on this basis is a question for another day; Plaintiff did not (nor was she required to, *see Frazier v. Harris,* 266 F. Supp. 2d 853, 874 (C.D. Ill. 2003) (citing Fed. R. Civ. P. 9(c) and *Adwan v. Columbus-Cuneo-Cabrini Med. Ctr.*, 635 F. Supp. 499, 500 (N.D. Ill. 1986))) attach her EEOC charge of discrimination document with her complaint in this action.

N.W.2d 834, 840 (Wis. 1983)). As a general matter, therefore, it is not enough that the plaintiff alleges that she was discharged after complaining about safety concerns in the workplace. *See generally id.* (no state law wrongful discharge claim where plaintiff alleged that he was terminated because he complained about workplace safety) ("[Plaintiff] was not required as a condition of continuing employment to violate any statutory or constitutional provision.").

However, the Wisconsin Supreme Court in *Hausman v. St. Croix Care Center* concluded that "the public policy exception to the employment-at-will doctrine may apply beyond the four corners of *Bushko*" in discrete circumstances; specifically, the court recognized that "a wrongful discharge claim is actionable" when a nursing home employee is discharged for reporting concern that "residents of [the] nursing home were not receiving appropriate care." 571 N.W.2d 393, 394, 398 (Wis. 1997). The court recognized such a claim in light of nursing home employees' "affirmative legal command . . . to report abuse of nursing home residents," *id.* at 396, and the risk of "criminal penalties . . . [for] knowingly permit[ting] abuse or neglect to occur," as well as in light of the prohibition against nursing homes "retaliating against an employee who provides information regarding abuse or neglect to a state official" and against "discharging an employee for reporting abuse or neglect of a resident to a county agency." *Id.* at 397 (citing Wis. Stat. §§ 50.07(1)(e), 46.90(4)(b), and 940.295(3)); *id.* at 398 ("While [the plaintiffs'] actions were not in violation of a *Bushko* command [to violate a constitutional or statutory provision], their actions were in response to a more significant legal command, one imposed by the legislature to further promote the strong public policy of protecting nursing home residents.").

Plaintiff alleges that she reported to the Department of Health Services Division of Quality Assurance, Bureau of Nursing Home Resident Care her concerns about the Defendant facility's uncleanliness, staffing shortages, and patient care, and that this led to her constructive termination. ECF No. 1-1 at 3–4. The Court is therefore satisfied at this juncture that Plaintiff may proceed on a state law claim of wrongful discharge under *Hausman.*

4. **CONCLUSION**

For the reasons discussed herein, Plaintiff may proceed on claims of race-based discrimination (both disparate treatment and hostile environment) and retaliation under Title VII, a claim that she was retaliated against in violation of Title VII for opposing/complaining about pregnancy-based discrimination in the workplace, and a Wisconsin law claim of wrongful discharge.

Plaintiff's next step in this matter is to serve her complaint together with a summons on Defendant. *See generally* Fed. R. Civ. P. 4. Plaintiff may either request service on Defendant by the U.S. Marshals or to obtain service on Defendant on her own, using one of the methods described in Federal Rule of Civil Procedure 4(d)–(e).

If Plaintiff chooses to obtain service on Defendant on her own, she should simultaneously file a request for the Clerk of the Court to issue service packets to her. There is no cost for the Clerk of Court to issue service packets to Plaintiff. If Plaintiff hires a process server to serve Defendant, she will be responsible for that cost.

Alternatively, "at the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). Congress

requires the U.S. Marshals Service to charge a fee for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for service by mail is $8.00 per item mailed; for process served personally by the U.S. Marshals Service, the fee is $65.00 per hour. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Congress has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service.

Plaintiff must file a notice on or before **Monday, June 17, 2024** indicating whether she will obtain service on Defendants on her own or if she desires service by the U.S. Marshals Service.

Lastly, Plaintiff moves to seal the entirety of her case and to have her personal identifying information omitted from the docket due to professed issues in "seeking employment" and due to her personal information having been published online, prompting her concern about fraud and identity theft. ECF Nos. 4, 5. As Judge Brett H. Ludwig informed Plaintiff in a separate case, however, these are insufficient grounds for the Court to seal her case. *See Shanika R. Hobbs v. Pitney Bowes*, No. 19-CV-1788-BHL, ECF No. 20 at 1 (citing *United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009) and *Baxter Intl, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 545 (7th Cir. 2002)). The Court will therefore deny Plaintiff's motions to seal.

Accordingly,

**IT IS ORDERED** that Plaintiff Shanika R. Hobbs's motion for leave to proceed in forma pauperis, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff Shanika R. Hobbs's motions to seal, ECF Nos. 4, 5, be and the same are hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff Shanika R. Hobbs shall file, on or before **Monday, June 17, 2024**, a notice indicating which method of service she desires.

Dated at Milwaukee, Wisconsin, this 3rd day of June, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

Plaintiff will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.