# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHANIKA R. HOBBS,

    Plaintiff,

v.

COMPASS GROUP,

    Defendant.

Case No. 24-CV-503-JPS

**ORDER**

Plaintiff Shanika R. Hobbs ("Plaintiff") sues Defendant Compass Group USA, Inc.[1] ("Defendant") for employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended. ECF No. 15. In July 2024, the Court ordered U.S. Marshals Service of the amended complaint and other relevant filings in this matter. ECF No. 14 at 3.

In September 2024, Defendant appeared and moved to compel arbitration and stay the proceedings pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1681 et seq. (the "FAA"). ECF No. 19. Defendant argues that Plaintiff and Defendant are "parties to a Mutual Arbitration Agreement that mandates binding arbitration of all claims" and that "Plaintiff's claims fall squarely within the parties' agreement to arbitrate." *Id.* at 1; *see also* ECF No. 19-2 (declaration and Mutual Arbitration Agreement). Defendant avers that Plaintiff "electronically agreed to and accepted the terms of the Arbitration

---

[1] Defendant Compass Group USA, Inc. has been incorrectly captioned as "Compass Group." The Clerk of Court is ordered to correct this party's name accordingly.

Agreement on February 15, 2022." ECF No. 19-2 at 1. Plaintiff did not timely oppose the motion to compel and to stay proceedings.

The FAA "is a congressional declaration of a liberal federal policy favoring arbitration agreements." *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 730 (7th Cir. 2005) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). Accordingly, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Id.* at 731 (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24–25). To further its purpose, "[t]he FAA . . . provides for stays of proceedings in federal district courts when an issue in the proceeding is referable to arbitration, § 3, and for orders compelling arbitration when one party has failed, neglected, or refused to comply with an arbitration agreement, § 4." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991). According to the FAA,

> [a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

In light of the "liberal federal policy favoring arbitration agreements," *Cont'l Cas. Co.*, 417 F.3d at 730 (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24); Defendant's representation that Plaintiff agreed to and accepted the terms of the arbitration agreement in February 2022, ECF No. 19-2 at 1, and that Plaintiff's claims fall "squarely within the parties' agreement to arbitrate," ECF No. 19 at 1[2]; and Plaintiff's failure to timely

---

[2]Indeed, the agreement provides that "[n]othing herein shall prevent [the employee] from filing and pursuing proceedings before the United States Equal

oppose the motion, *see* Civ. L. R. 7(b), the Court will grant the motion to compel arbitration.

As noted *supra*, Defendant also moves the Court to stay the matter. The FAA provides that "once the Court determines that arbitration should be compelled, the Court 'shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.'" *Villalobos v. EZCorp., Inc.*, No. 12-cv-852-slc, 2013 U.S. Dist. LEXIS 97998, at *23–24 (W.D. Wis. July 12, 2013) (quoting 9 U.S.C. § 3). The Court will accordingly grant Defendant's motion to stay the case pending arbitration. *See Saturday Evening Post Co. v. Rumbleseat Press, Inc.*, 816 F.2d 1191, 1195 (7th Cir. 1987) ("The federal arbitration code, 9 U.S.C. §§ 1 *et seq.*, authorizes federal district courts to stay proceedings before them pending arbitration . . . ."). The Court will further order the Clerk of Court to administratively close this case pending arbitration.

Accordingly,

**IT IS ORDERED** that Defendant Compass Group USA, Inc.'s motion to compel arbitration and stay proceedings, ECF No. 19, is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff Shanika R. Hobbs is **COMPELLED** to arbitrate her claims in this action with Defendant Compass Group USA, Inc.;

---

Employment Opportunity Commission or similar state or local agency, but if [the employee] pursue[s] a claim following the exhaustion of such administrative remedies, that claim would be subject to arbitration." ECF No. 19-2 at 3.

Page 3 of 4
Case 2:24-cv-00503-JPS    Filed 10/16/24    Page 3 of 4    Document 23

**IT IS FURTHER ORDERED** that this action be and the same is hereby **STAYED pending arbitration**; Defendant Compass Group USA, Inc. to **FILE** a status report in this case every ninety (90) days, beginning with the date of this Order, until the conclusion of arbitration;

**IT IS FURTHER ORDERED** that the Clerk of Court shall update Defendant's name to Compass Group USA, Inc. on the docket; and

**IT IS FURTHER ORDERED** that the Clerk of Court administratively close this action pending arbitration.

Dated at Milwaukee, Wisconsin, this 16th day of October, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge