# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHANIKA R. HOBBS,

                    Plaintiff,

          v.                                        Case No. 24-CV-503-JPS

COMPASS GROUP USA, INC.,                            **ORDER**

                    Defendant.

## 1.    INTRODUCTION

In April 2024, Plaintiff Shanika R. Hobbs ("Plaintiff" or "Hobbs") sued Defendant Compass Group USA, Inc. ("Defendant" or "Compass") for employment discrimination. ECF Nos. 1 and 15. In October 2024, the Court ordered arbitration and stayed the proceedings. ECF No. 23. In October 2025, the parties participated in a three-day hearing in which the Honorable Charles Clevert Jr. ("Judge Clevert") presided. Judge Clevert issued a final arbitration award (the "Award") on February 11, 2026.  ECF No. 33; ECF No. 36-1.

On February 23, 2026, Hobbs moved to vacate the Award, appoint a new arbitrator, stay the proceedings, and extend the time to produce evidence. ECF Nos. 35 and 36.  On March 18, 2026, Compass responded. ECF No. 37. On April 22, 2026, Hobbs brought a motion for leave to file an amended motion. ECF No. 38. Hobbs has also filed motions to seal[1] certain

---

[1]Despite how they are labeled on the docket, each of these documents uses the phrase "seal," not "restrict." *Compare* ECF No. 34 *with* ECF No. 39.

documents. ECF Nos. 34 and 39. On May 13, 2026, she filed a motion to apply equitable tolling. ECF No. 40-2.

For the reasons discussed herein, the Court will deny Plaintiff's motions to vacate the Award, appoint a new arbitrator, stay the proceedings, and extend the time to produce evidence. ECF Nos. 35 and 36. It will deny her first motion to seal in its entirety, ECF Nos. 34, but will grant her second motion to seal, ECF No. 39, in part and deny it in part. Her motion for leave to file an amended motion, ECF No. 38, and her motion to apply equitable tolling, ECF No. 40-2, will be denied, and this case will be dismissed.

## 2. PRELIMINARY MATTERS

The Court starts by addressing Hobbs' motion for leave to file an amended motion, ECF No. 38, and her motion to apply equitable tolling, ECF No. 40-2.

The Court will deny Hobbs' motion for leave to file an amended motion, ECF No. 38 (filed April 22, 2026), for four reasons. First, Hobbs fails to explain why she wants to file an amended motion or what additional information or analysis an amended motion would include. *See United States v. Stoneburner*, No. 3:18-CR-104 JD, 2024 WL 4143659, at *4 (N.D. Ind. Sept. 11, 2024) (even when bearing in mind a party's "pro se status, all litigants are expected to back up their claims with particular references to evidence" (citing *Trosper v. Saul*, No. 19-cv-50092, 2021 WL 1853315, at *2 (N.D. Ill. May 10, 2021)); *see also Trosper*, 2021 WL 1853315, at *2 (citing *Jackson v. Astrue*, 472 F. App'x 421, 422 (7th Cir. 2012)). The lack of a "robust explanation" as to why a "redo" is warranted is particularly problematic here when opposing counsel has already provided a response brief, ECF No. 37. *United States v. Marshall*, No. 2:19-cr-00270-JAD-BNW, 2025 WL

3554454, at *1 (D. Nev. Dec. 10, 2025) (denying an amended motion due to the absence of such an explanation); *see also Henley v. Sunier*, 1:17-cv-02385-JMS-TAB, 2018 WL 4566694, at *1 (S.D. Ind. Sept. 24, 2018) (discussing prejudice to opposing side where it would need to "redo [the] motion for summary judgment"). Second, Hobbs should have provided all the necessary information in the first instance. *See infra* note 2. Third, to the extent this submission can be construed as Hobbs' reply brief, the time to file a reply brief has long since passed. CIV. L.R. 7(c) (noting that a reply brief is due fourteen days after service of the response brief); ECF No. 37 at 10 (certifying service of response brief was made on March 18, 2026). Fourth, again construing this submission as a reply brief, arguments not raised until the reply brief are waived, so the Court would not consider any new arguments Hobbs raises in this submission. *Patel v. Noem*, No. 25 C 2857, 2025 WL 2673191, at *3 n.2 (N.D. Ill. Sept. 17, 2025) (citing *O'Neal v. Reilly*, 961 F.3d 973, 974 (7th Cir. 2020)). This would be true even if Hobbs' original brief were persuasive to the Court, which as explained below, it is not. As such, Hobbs' motion for leave to file an amended motion will be denied.

The Court will also deny Hobbs' motion to apply equitable tolling. ECF No. 40-2 (filed May 13, 2026). Hobbs seems to want to file a new version of her motion to vacate the Award with a more extensive opening brief. *See* ECF No. 40 (a 34-page document entitled "Affidavit to Vacate Arbitration Award"). She seems to offer the document at ECF No. 40-2 as her notice of motion under 9 U.S.C. § 10, requesting equitable tolling to the extent that her amended motion, ECF No. 38, and the affidavit, ECF No. 40, are untimely. There is no basis for the Court to grant equitable tolling, as explained below.

If her filings were timely, then there is no need to apply equitable tolling (and her filings would not be considered for the reasons given above). If her filings were untimely, the Court likely remains without a legal basis to apply equitable tolling, as the Seventh Circuit does not appear to recognize equitable tolling for motions to vacate an award under § 10. *Fairmount Mins. Ltd. v. Min. Serv. Plus, LLC*, No. 14-cv-400-bbc, 2014 WL 6389588, at *3 (W.D. Wis. Nov. 14, 2024) (citing *Olson v. Wexford Clearing Servs. Corp.*, 397 F.3d 488, 490 (7th Cir. 2005)).

Even if the Seventh Circuit allowed equitable tolling in a case like this, the Court would not apply it here. "Equitable tolling is to be 'used sparingly, reserved for those situations in which extraordinary circumstances prevent a party from filing on time.'" *Id*. at *4 (citing *Wilson v. Battles*, 302 F.3d 745, 749 (7th Cir. 2002)). The Court "may equitably toll the statute of limitations where (1) the party has diligently pursued his or her rights and (2) some extraordinary circumstance stood in the way and prevented timely filing." *Id*. at *3 (citing *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013)). "In most cases in which equitable tolling is invoked, the statute of limitations has run *before* the plaintiff obtained information essential to deciding whether he had a claim." *Id*. at *4 (quoting *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 453 (7th Cir. 1990)).

In this case, as in *Fairmount Minerals*, Plaintiff "was aware of the grounds for [her] motion to vacate, including the alleged fraud, within the time ordinarily allowed for the motion." *Id*. (citing *Cada*, 920 at 452 and *Chapple v. Nat'l Starch & Chem. Co. & Oil*, 178 F.3d 501, 506 (7th Cir. 1999)). Her awareness is evidenced by the motion itself, ECF No. 40, as it raises the same issues that she initially advanced. *Compare* ECF Nos. 35 and 35-1 *with* ECF No. 40.

Even if the Court were to consider her April 22 motion as an indication that she diligently pursued her rights, Hobbs has not demonstrated extraordinary circumstances. Hobbs provides no case law supporting a finding that a family medical emergency, even if it occurs while litigating pro se, constitutes an extraordinary circumstance. The law on this point provides to the contrary. *Reidel v. U.S.*, No. 16-cv-607-wmc, 2017 WL 2638005, at *5 n.5 (W.D. Wis. June 19, 2017) (citing *Carpenter v. Douma*, 840 F.3d 867, 872–73 (7th Cir. 2016) and *Hines v. Serv. Corp. Int'l*, No. 08 C 856, 2008 WL 2692033, at *3 (N.D. Ill. July 1, 2008)); *Hines*, 2008 WL 2692033, at *3 (collecting cases).

Similarly, even if the Court considers that it could have ruled earlier on the April 22 motion, this is not a basis to find that there were extraordinary circumstances justifying equitable tolling here. "[T]hat a court may take months to rule on a fully briefed motion is (unfortunately) not extraordinary; it is, rather, the predictable and common consequence of crowded court dockets generally and the particular circumstances of any particular judge's docket specifically." *Sylvester v. Wintrust Fin. Corp.*, No. 12 C 01899, 2014 WL 10416989, at *2 (N.D. Ill. Sept. 26, 2014). And here, less than two months have elapsed since Hobbs filed the motion for leave to file an amended motion and the Court's decision today. *Knox v. Jones Grp.*, 208 F. Supp. 3d 954, 967 (S.D. Ind. 2016) (nine-month delay caused by the pending motion to dismiss did not constitute extraordinary circumstances (citing *Bergman v. Kindred Healthcare, Inc.*, 949 F. Supp. 852, 860–61 (N.D. Ill. 2013)).

Even assuming there were extraordinary circumstances, the Court finds that opposing counsel would be prejudiced, as they have already provided their response brief, ECF No. 37. *Menominee Indian Tribe of Wis. v.*

*U.S.*, 577 U.S. 250, 259 n.5 (2016) (noting that a court can weigh "the absence of prejudice" in instances where there is "a factor that might justify such tolling" (quoting *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)); *Sunier*, 2018 WL 4566694, at *1 (finding there would be prejudice to other side if it had to do over the summary judgment motion). For the foregoing reasons, the Court denies Hobbs' motion to apply equitable tolling, and as such, will not consider the arguments advanced in her amended motion, ECF No. 40.

### 3.       LEGAL STANDARD

The Federal Arbitration Act ("FAA") governs this case.  Because the FAA's objective is to promote arbitration as a cost-effective alternative to dispute resolution in the federal court system and, as the Supreme Court and the Seventh Circuit have repeatedly confirmed, "[t]he grounds for overturning an arbitration award are extremely limited." *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 563 (7th Cir. 2008) (citing *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 268–69 (7th Cir. 2006) and *IDS Life Ins. Co. v. Royal All. Assocs., Inc.*, 266 F.3d 645, 649 (7th Cir. 2001)). "Confirmation is 'usually routine or summary.'" *Standard Sec. Life Ins. Co. of N.Y. v. FCE Benefit Admins.*, 967 F.3d 667, 671 (7th Cir. 2020) (quoting *Hasbro, Inc. v. Catalyst USA, Inc.*, 367 F.3d 689, 691–92 (7th Cir. 2004)). Typically, "a court will set aside an arbitration award 'only in very unusual circumstances.'" *Id*. (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 942 (1995)). The party seeking to set aside the arbitration award bears the burden of showing that relief is warranted. *Carter v. CVS Pharmacy*, No. 23-cv-2005, 2025 WL 2842387, at *2 (N.D. Ill. May 7, 2005).

There are four bases to vacate an arbitration award under 9 U.S.C. § 10(a). They include:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

4.      ANALYSIS

Hobbs claims to have invoked all four bases, *see* ECF No. 35 at 1; however, in reviewing her submissions, it is difficult to discern her argument(s). The Court starts with the most apparent argument, which appears in the motion itself, ECF No. 35, regarding Judge Clevert's alleged consideration of fraudulent documents. The Court will then address the remaining arguments (at least those that the Court can discern) from what the Court construes as her supporting brief, ECF No. 35-1.[2]

---

[2]Hobbs requests an "[e]xtension to [p]roduce [d]ocuments" to support her motion "to [v]acate the Award under FAA law." ECF No. 35-1 at 5 (referring to, among other things, documents regarding "[c]osts" with respect to her "unemployment" that purportedly will establish her case "by clear and convincing evidence"). However, Hobbs should have "provid[ed] the Court with all matters that [she] desired the Court to consider in support" in the first instance. *Webster v. A.T. Kearney*, 507 F.3d 568, 571 (7th Cir. 2007) (quoting *Health Servs. Mgmt. Corp. v. Hughes*, 975 F.2d 1253, 1258 n.3 (7th Cir. 1992)). As such, the Court will deny this portion of the motion.

### 4.1 Corruption, Fraud, or Undue Means

Hobbs first argues that the Award was procured by fraud to the extent Compass allegedly "forged" her "Associate Counseling Reports" and the "Employee Handbook," "falsified" her monthly earnings, made false statements during arbitration, and tampered with "a text message." *See* ECF No. 35 at 1. To prevail here, Hobbs must show that "the . . . fraud, . . . was (1) not discoverable upon the exercise of due diligence prior to the arbitration; (2) materially related to an issue in the arbitration; and (3) established by clear and convincing evidence." *Gingiss Int'l., Inc. v. Bormet*, 58 F.3d 328, 333 (7th Cir. 1995) (citing *A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1404 (9th Cir. 1992)), *cert. denied*, 506 U.S. 1050 (1993)).

As a general matter, Hobbs does not explain the importance of any of these documents, or why it was wrong for Judge Clevert to consider them (if indeed he considered them at all). For instance, Hobbs does not explain the nature or extent of the alleged forgery concerning the "Employee Handbook," or why it was material. *See generally* ECF No. 35-1. She likewise does not explain which statements during arbitration were false or which text messages were tampered with. *See generally id*. Because these arguments are undeveloped, they are waived. *Kibbons v. Peloso*, No. 25-1390, 2025 WL 3565846, at *3 (7th Cir. Dec. 12, 2025) (noting that parties cannot preserve an argument by presenting it in general terms and that they have a "responsibility to allege facts and indicate their relevance under the correct legal standard" (citing *Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 841 (7th Cir. 2010) and quoting *Econ. Folding Box Corp. v. Anchor Frozen Foods Corp.*, 515 F.3d 718, 721 (7th Cir. 2008)). Moreover, because Hobbs does not explain how or why Judge Clevert discussed or relied on the

Employee Handbook, allegedly false statements by Compass during arbitration, or tampered-with text messages—and the Court sees no such references in the arbitration decision, ECF No. 36-1—the Court cannot conclude that these documents or statements, even if fraudulent, were "materially related to an issue in the arbitration." *Gingiss Int'l*, 58 F.3d at 333 (citation omitted).

As far as the "Associate Counseling Reports," Judge Clevert acknowledged the fact that they "contained errors regarding her time off and call-ins to work and mentioned a podiatry appointment which had been confirmed and approved after the fact." ECF No. 36-1 at 7. Judge Clevert also acknowledged that Hobbs called in to discuss her "concerns regarding her pay increase," *id.*, presumably a reference to Compass allegedly falsifying her monthly earnings. Because Judge Clevert was aware of these issues and acknowledged them in his decision, the Court cannot conclude that this information was not discoverable prior to arbitration, so Hobbs' fraud argument fails on this element. *Gingiss Int'l*, 58 F.3d at 333 (citation omitted). The argument also fails for lack of materiality, because as Judge Clevert noted, in the grand scheme of things, "her pay grade was never lowered, her compensation was never reduced, and her pay was not docked." ECF 36-1 at 8.

For these reasons, Hobbs has not met her burden of showing that the award was procured by corruption, fraud, or undue means. *Carter*, 2025 WL 2842387, at *2; 9 U.S.C. § 10(a)(1).

### 4.2    Remaining Arguments

The Court discerns three additional arguments from Hobbs' supporting brief. ECF No. 35-1. First, Hobbs argues that that Judge Clevert's consideration of the fraudulent items, discussed *supra* Section 4.1, evinced

partiality. *Id*. at 2–3. Second, Hobbs argues that Judge Clevert failed to advise her of the consequences of going off the record, thereby resulting in prejudice to her as an unrepresented party. *Id*. at 3. Relatedly, Hobbs argues that Judge Clevert wrongly allowed her opening statement to remain off the record, resulting in the exclusion of material evidence. *Id*. Third, Hobbs argues that she did not have the opportunity to present her "Amended Friday July 25, 2025 Deposition Discovery," which she regards as another wrongful exclusion of material evidence. *Id*. at 2, 4–5. None of these arguments are persuasive, as explained below.

### 4.2.1   Partiality

Hobbs' first argument implicates the standard for partiality. The partiality required by 9 U.S.C. § 10(a)(2) exists "when an arbitrator's bias is 'direct, definite and capable of demonstration rather than remote, uncertain, or speculative.'" *Harter v. Iowa Grain Co.*, 220 F.3d 544, 554 (7th Cir. 2000) (citing *U.S. Wrestling Fed'n v. Wrestling Div. of the AAU, Inc.*, 605 F.2d 313, 318 (7th Cir. 1979)). Here, Hobbs' argument turns on a false premise. Judge Clevert did not overlook the errors in documents she refers to. *See supra* Section 4.1. Because her premise is false, she fails to show there was any partiality on this basis, so her argument rings hollow.

### 4.2.2   Off-the-Record Statements

Hobbs' second argument is two-fold. On the one hand, it suggests that Judge Clevert had an obligation to explain to her the consequences of going off the record. On the other, it implies that he failed to consider certain evidence that should have been in the record but for his failure to admonish her. In neither respect does this argument have merit.

Hobbs cites 9 U.S.C. § 10(a)(2) and (3), which contemplate vacatur for "evident partiality" or "misconduct . . . in refusing to hear evidence

pertinent to and material to the controversy[,] or of any other misbehavior by which the rights of any party have been prejudiced." ECF No. 35-1 at 3–4. Such arguments could also implicate 9 U.S.C. § 10(a)(4), which contemplate vacatur "where the arbitrator[] exceeded [his] powers." *See Froedtert S., Inc. v. Stone*, 768 F. Supp. 3d 939, 945–46, 953–56 (E.D. Wis. 2025) (analyzing due process arguments in motion to vacate arbitration award under § 10(a)(4)).

"An arbitrator must provide a fundamentally fair hearing." *Id.* at 956 (E.D. Wis. 2025) (quoting *Generica Ltd. v. Pharm. Basics, Inc.*, 125 F.3d 1123, 1130 (7th Cir. 1997)) (internal bracketing omitted). "A fundamentally fair hearing is one that 'meets the minimal requirements of fairness—adequate notice, a hearing on the evidence, and an impartial decision by the arbitrator.'" *Id.* (quoting same). "Nevertheless, parties that have chosen to remedy their disputes through arbitration rather than litigation should not expect the same procedures they would find in the judicial arena." *Id.* (quoting same).

Here, Hobbs provides no legal authority suggesting that Judge Clevert had any obligation to inform her of the consequences of going off the record, rendering that argument waived. *Kibbons*, 2025 WL 3565846, at *3 (noting arguments "unsupported by pertinent authority" are waived (citing *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)). In any event, Compass notes, and Hobbs does not dispute, that both parties gave their opening statements off the record, ECF No. 37 at 6, suggesting that the process was fair and impartial. *See Generica Ltd.*, 125 F.3d at 1130 (noting the arbitration process "must give each of the parties an adequate opportunity to present its . . . *arguments*" (quoting *Hoteles Condado Beach, La Concha & Conventions Ctr. v. Union De Tronquistas Local 901*, 763 F.2d 34, 39 (1st Cir.

1985) (emphasis added)). Even if that had not been the case, the law affords arbitrators "wide latitude" in how they conduct arbitration proceedings. *Fitigues, Inc. v. Varat Enters., Inc.*, No. 91 C 4894, 1992 WL 245553, at *5 (N.D. Ill. Sept. 18, 1992) ("[A]n arbitrator is not constrained by formal rules of . . . procedure . . . ." (citing *Flender Corp. v. Techna-Quip Co.*, 952 F.2d 273, 280 n.13 (7th Cir. 1992))).

Regardless of whether her opening statement was in the record, Hobbs merely speculates as to what role it played, or did not play, in Judge Clevert's decision, and the Court will not wade through the record to make her argument, even if she is pro se. *Poole-Clayton v. Madigan*, 427 F. App'x 527, 528 (7th Cir. 2011) (citing *Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001)). It may be true the opening statement did not appear in the transcript; it may also be true that Judge Clevert did not rely on the opening statement. But all of that is beside the point, as he is not required to explain the bases for his decision. *Cremin v. Merrill Lynch, Pierce, Fennder & Smith*, 434 F. Supp. 2d 554, 560 (N.D. Ill. May 25, 2006) (citing *Eljer Mfg., Inc. v. Kowin Dev. Corp.*, 14 F.3d 1250, 1254 (7th Cir. 1994)). "Such a requirement would serve only to perpetuate the delay and expense which arbitration is meant to combat," *Eljer Mfg.*, 14 F.3d at 1254, and logically, open the door for challenges like this. As such, the Court cannot conclude that Judge Clevert was partial, excluded material evidence, or exceeded his powers when he failed to consider Hobbs' off-the-record opening statement as evidence.

For all these reasons, the Court is not persuaded that Hobbs showed that vacatur is appropriate based on how Judge Clevert handled off-the-record statements.

### 4.2.3 Failure to Consider Other Evidence

Hobbs' final argument, which suggests that Judge Clevert failed to consider the "Amended Friday July 25, 2025 Deposition Discovery," ECF No. 35-1 at 2, 4–5, also raises due process concerns and implicates 9 U.S.C. § 10(a)(3).

Arbitrators are "not bound to hear all of the evidence tendered by the parties." *Slaney v. The Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 592 (7th Cir. 2001) (quoting *Generica Ltd.*, 125 F.3d at 1130); *Khabbaz v. Dain Bosworth, Inc.*, No. 92 C 6439, 1993 WL 210573, at *3 (N.D. Ill. June 14, 1993) (noting that an arbitrator's "failure to receive evidence does not require the vacatur of the arbitration award" (citing *Flender Corp.*, 953 F.2d at 281). "Arbitrators are accorded great deference in their evidentiary determinations, and need not follow all the niceties observed by the federal courts." *Evans v. E*TRADE Sec. LLC*, No. 1:17-CV-387-TLS, 2017 WL 6355500, at *4 (N.D. Ind. Dec. 13, 2017) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 107 (2d Cir. 2013)). "It is [only] when the exclusion of relevant evidence actually deprived a party of a fair hearing that it is appropriate to vacate an arbitral award." *Slaney*, 244 F.3d at 592 (citing *Generica Ltd.*, 125 F.3d at 1130). And "typically," that standard "is met only when an arbitrator wrongly excludes the sole evidence on a pivotal issue." *Evans*, 2017 WL 6355500, at *4 (quoting *Mical v. Glick*, 851 F. App'x. 568, 570 (7th Cir. 2014)).

Hobbs does not suggest that this deposition was the sole evidence on a pivotal issue. Hobbs never otherwise explains why exclusion of this deposition deprived her of a fair hearing, rendering this argument waived. *See generally* ECF No. 35-1; *Kibbons*, 2025 WL 3565846, at *3 (noting that parties cannot preserve an argument by presenting it in general terms and

that they have a "responsibility to allege facts and indicate their relevance under the correct legal standard" (citations omitted). Hobbs, moreover, does not respond to Compass' contention that she had ample time to include this evidence within the prescribed time but did not. ECF No. 37 at 6–7.

As such, the Court is not persuaded that Hobbs showed that vacatur is appropriate based on Judge Clevert's failure to consider the Amended Friday July 25, 2025 Deposition Discovery.

### 4.2.4 Final Remarks

At the end of the day, even if Hobbs could substantiate any of her allegations, courts generally do not vacate arbitration awards even if there was a "gross error," absent some "egregious impropriety on the part of the arbitrator," which by, all accounts, did not occur here. *Cremin v. Merrill Lynch, Pierce, Fenner, & Smith*, 434 F. Supp. 2d 554, 560 (N.D. Ill. 2006) (first quoting *IDS Life Ins. Co.*, 266 F.3d at 650 and then quoting *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004)).

For all these reasons, the Court is not persuaded that Hobbs has met her burden of showing that vacating the Award is appropriate under any of the bases in 9 U.S.C. § 10(a). *Carter*, 2025 WL 2842387, at *2. Accordingly, the Court will deny Hobbs' motion to vacate. *Id*. at *4 (denying motion to vacate where party seeking relief failed to make the required showing). Because her motion for a new arbitrator and stay seeks relief on the exact same grounds, ECF No. 36, the Court will deny that motion as well.

### 5. MOTIONS TO SEAL

As earlier noted, Hobbs filed two motions to seal her motion to vacate the Award. ECF Nos. 34 and 39. The Clerk of Court construed these motions as affecting ECF Nos. 35, 35-1, 36, and 36-1, and ECF Nos. 40, 40-1,

40-2, and 40-3 respectively. The Court agrees that these documents are implicated but disagrees that all these documents warrant protection, as discussed further below.

Litigation in the courts is presumptively public. *Union Oil Co. of Ca. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) ("What happens in the halls of government is presumptively public business."). "People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials." *Id.*; *see also Cnty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007) (citing *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999)); *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) ("The reason for this right of public access to the judicial record is to enable interested members of the public, including lawyers, journalists, and government officials, to know who's using the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties." (collecting cases)). As such, the Court must consider whether good cause supports a request to seal such information. *Allan Block*, 502 F.3d at 740 (citing *Cincinnati Ins. Co.*, 178 F.3d at 945)); GEN. L. R. 79(d)(3).

Here, Hobbs argues that the motion to vacate "[c]ontains highly sensitive [p]ersonal information," including "[m]edical [i]nformation and private [e]mployee [i]nformation." ECF No. 34 at 1 (referencing ECF Nos. 35, 35-1, 36, and 36-1); ECF No. 39 at 1 (repeating this exact same argument, but referencing the documents at ECF Nos. 40, 40-1, 40-2, and 40-3). However, this is not true as to every document.

For instance, neither ECF No. 35 nor ECF No. 36 contains any such information. Rather, each of these documents contains the grounds on

which Hobbs seeks relief under 9 U.S.C. § 10(a) and nothing else. Information that undergirds judicial decisions is presumptively public. *Vukadinovich v. Posner*, No. 2:22-CV-118-TLS-JEM, 2024 WL 5441135, at *1 (N.D. Ind. Sept. 11, 2024) (citing *United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009)). Indeed, Hobbs fails to offer any good cause to override that assumption. As such, the Court shall order the Clerk of Court to take all appropriate steps to make the documents at ECF Nos. 35 and 36 accessible to the public.

The same problems plague Hobbs' attempt to seal her supporting brief, ECF No. 35-1. Although the Court appreciates that there are references to Hobbs' employment history, such as having to call in ill, there are no details concerning her specific medical information. There is likewise no information regarding her employee information other than the parties' mutual arbitration agreement, which contains no specific medical information or identifying information (other than the parties' names). As such, Hobbs fails to offer any good cause that justifies the presumption that such documents be public, particularly here where it influences a judicial decision. Accordingly, the Clerk of Court shall take all appropriate steps to make the document at ECF No. 35-1 accessible to the public.

A more interesting question emerges as to whether to grant Hobbs' motion to seal the Award itself, ECF No. 36-1. On the one hand, the Court appreciates that it contains information regarding Hobbs' background, where she worked, her role, and other information that Hobbs might prefer to keep secret. But, once the parties "call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials." *Leavell*, 220 F.3d at 568; *see also Baxter Int'l, Inc. v. Abbott Lab'ys.*, 297 F.3d 544, 548 (7th Cir. 2002) (refusing to seal the

record in an arbitration dispute because plaintiff had sacrificed that confidentiality by suing in a public court to challenge the results of that arbitration). And, in any event, Hobbs' one-sentence assertion that sealing these documents protects her medical information and personal information is insufficient. *Cf. Baxter Int'l*, 297 F.3d at 547 (7th Cir. 2002) (admonishing litigants for offering a "bald assertion that confidentially promotes their business interests" in support of a request to seal documents). As such, the Court will order the Clerk of Court to take all appropriate steps to make the document at ECF No. 36-1 accessible to the public.

Finally, the Court addresses her more recent submissions, ECF Nos. 40, 40-1, 40-2, and 40-3. As to ECF No. 40, the Court finds that it contains sensitive information, including the names of other employees and the information of other nonparties, so the Court finds good cause to keep this document under seal until further order of the Court. *See Little v. Mitsubishi Motor Mfg. of Am., Inc.*, No. 04-1034, 2006 WL 1554317, at *4 (C.D. Ill. June 5, 2006) (finding good cause to seal information of "private information regarding the personnel files of nonparty employees").

As to ECF No. 40-1, it is a certificate of service only and does not contain sensitive information of any kind; therefore, the Court finds there is no good cause to allow it to remain under seal. *See Weston v. Amundsun*, 24-CV-385-JPS, 2024 WL 4708030, at *1 n.3 (E.D. Wis. Nov. 7, 2024) (denying a motion to seal that "sweepingly" encompassed various documents which even included the "certificate of service"). The Court will order the Clerk of Court to make the document at ECF No. 40-1 accessible to the public.

As to ECF No. 40-2, Hobbs' motion for equitable tolling, the Court will allow that to remain under seal, even though the Court must make a

ruling on the motion, as it references private medical information of non-parties. *See Severson v. Heartland Woodcraft, Inc.*, No. 14–C–1141, 2015 WL 7113390, at *15 (E.D. Wis. Nov. 12, 2025) (finding good cause to seal documents "reveal[ing] medical information about nonparties"). Finally, because ECF No. 40-3 contains those supporting medical records, the Court will allow that to remain under seal as well. *See id*. As such, the documents at ECF Nos. 40-2 and 40-3 will be kept under seal until further order of the Court.

## 6. CONCLUSION

For the foregoing reasons, the Court will deny Hobbs' motion to vacate the Award. ECF No. 35. It will also deny Hobbs' motions to appoint a new arbitrator, issue a stay, and extend the time to produce evidence. ECF Nos. 35 and 36.

The Court will deny the entirety of Hobbs' first motion to seal, ECF No. 34. The Clerk of Court is, therefore, directed to take all steps necessary to make the documents at ECF Nos. 35, 35-1, 36, and 36-1 accessible to the public. The Court will grant in part and deny in part Hobbs' second motion to seal. To the extent it seeks to seal the documents at ECF Nos. 40, 40-2, and 40-3, the motion is granted; to the extent it seeks to seal the document at ECF No. 40-1, it is denied. The Clerk of Court is, therefore, directed to make the documents at ECF Nos. 40-1 accessible to the public. The Clerk of Court shall maintain under seal the documents at ECF No. 40, 40-2, and 40-3. Hobbs' motion for leave to file an amended motion will be denied. Hobbs' motion to apply equitable tolling will also be denied. This case will be dismissed.

Accordingly,

**IT IS ORDERED** that Plaintiff Shanika R. Hobbs' motions to vacate the arbitration award, extend the time to produce evidence, and appoint a new arbitrator, ECF Nos. 35 and 36, be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff Shanika R. Hobbs' first motion to seal, ECF No. 34, be and the same is hereby **DENIED** in its entirety; the Clerk of Court shall take all steps necessary and appropriate to make the documents at ECF Nos. 35, 35-1, 36, 36-1 available to the public;

**IT IS FURTHER ORDERED** that Plaintiff Shanika R. Hobbs' second motion to seal, ECF No. 39, be and the same is hereby **GRANTED in part and DENIED in part**; to the extent it seeks to seal the documents at ECF Nos. 40, 40-2, and 40-3, the motion is **GRANTED**; to the extent it seeks to seal the document at ECF No. 40-1, it is **DENIED**; the Clerk of Court shall take all steps necessary and appropriate to make the document at ECF No. 40-1 accessible to the public and to maintain under seal the documents at ECF No. 40, 40-2, and 40-3 until further order of the Court;

**IT IS FURTHER ORDERED** that Plaintiff Shanika R. Hobbs' motion for leave to file an amended motion, ECF No. 38, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff Shanika R. Hobbs' motion to apply equitable tolling, ECF No. 40-2, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of June, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* FED. R. APP. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* FED. R. APP. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* FED. R. CIV. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.